No. 91-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DALE DUANE LINK,

      Plaintiff and Appellant,

-vs-

CITY OF LEWISTOWN,

      Defendant and Respondent.

FILED

JUN 11 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Frederick F. Sherwood; Reynolds, Motl, Sherwood and
Wright, Helena, Montana

      For Respondent:

          Monte J. Boettger, Attorney at Law, Lewistown,
Montana

Submitted on Briefs:  May 21, 1992

Decided:

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Dale Duane Link alleges that the City of Lewistown failed to hire him as a firefighter in violation of the Montana Human Rights Act and the Governmental Code of Fair Practices. The District Court for the Tenth Judicial District, Fergus County, granted partial summary judgment for the City. We reverse.

The issue is whether the District Court erred in ruling that, as a matter of law, § 7-33-4107, MCA, prohibits the City from hiring as a full-time firefighter an applicant over thirty-four years of age who had been serving as a part-paid firefighter and member of the Firefighters' Unified Retirement System for the City since before he was thirty-four years of age.

Dale Duane Link began working as a part-paid firefighter for the City of Lewistown in 1981. Under the City's personnel rules, regulations, and requirements, part-paid firefighters are appointed by the fire chief and must serve a six-month probationary period. They receive a monetary fee for hours or fractions thereof served in fighting fires and in training.

In 1988, Link applied for a position as a full-time firefighter for the City. The position was not initially publicly advertised because the Fire Chief viewed the pool of qualified applicants to be the part-paid firefighters. Appointment to this position required approval by the Mayor and City Council. After testing and interviews, the Fire Chief sought approval of Link for

2

the full-time position at the regular Lewistown City Council meeting of September 19, 1988.

At the meeting, Council members expressed concern with the interpretation of § 7-33-4107, MCA, which states that firefighters "shall not be more than 34 years of age at the time of original appointment." The statute does not define "original appointment." Link had served as a part-paid firefighter since he was thirty-one years old, but he was thirty-nine when he applied for the full-time position. It is undisputed that he met all other qualifications for the job. After discussion, the City Council directed that the full-time position be publicly advertised.

Link contacted an attorney who advised the City Council that a complaint was being filed with the Montana Human Rights Commission. The matter came before the City Council again at its October 17, 1988 meeting. The Fire Chief informed the Council that he had publicly advertised the position and that he still recommended that Link be approved for the position.

After discussion, the Council tabled the matter pending review by the City Attorney. At a meeting the following month, Council members agreed to seek the opinion of the Montana Attorney General on the applicability of the age limitation in § 7-33-4107, MCA.

The effort to obtain an Attorney General opinion was abandoned when Link filed a complaint before the Montana Human Rights Commission in November 1988. In January 1990, that complaint was

3

dismissed and Link was authorized to file a complaint in District Court pursuant to §§ 49-2-509 and 49-3-312, MCA.

Link's complaint in District Court alleges that the City discriminated against him on the basis of age, political beliefs, and retaliation. The court originally denied cross-motions for summary judgment. However, on the parties' joint request for reconsideration, it granted partial summary judgment to the City on the age discrimination issue. It relied on the City's argument concerning the effect of the following language in § 7-33-4106, MCA:

> The mayor . . . shall nominate and, with the consent of the council or commission, appoint . . . all fire-fighters.

The court reasoned that because the Mayor and City Council did not have input into Link's appointment as a part-paid firefighter, his appointment to that position was not an "original appointment" under § 7-33-4107, MCA. The partial summary judgment was certified to this Court pursuant to Rule 54(b), M.R.Civ.P.

In this case, the ordinances and personnel rules of Lewistown, which were approved by the Mayor and City Council, provide that part-paid firefighters shall be appointed by the Fire Chief. We conclude that, having delegated its authority to appoint part-paid firefighters, the City is now estopped from denying the validity of that delegation of authority.

4

As a part-paid firefighter, Link has contributed to the Firefighters' Unified Retirement System (FURS) since 1981. The legislative history of § 7-33-4107, MCA, shows that concern about the retirement and disability system was a key reason for setting a maximum age for original appointment as a firefighter. Because part-paid firefighters participate in FURS, it is reasonable to conclude that the legislature intended the maximum age provision to apply to part-paid firefighters as well as full-time firefighters.

This Court gives deference to interpretations of the Montana Human Rights Commission concerning the laws which it enforces. Harrison v. Chance (1990), 244 Mont. 215, 220, 797 P.2d 200, 203. The Commission has interpreted "original appointment" under § 7-33-4107, MCA, to include appointment as a "part-time volunteer firefighter." Elliot v. City of Helena (1989), Montana Human Rights Commission Cause No. 8701003108.

A 1991 opinion of the Montana Attorney General further supports the conclusion that appointment as a part-paid firefighter may constitute an "original appointment" under § 7-33-4107, MCA. The Attorney General, at 44 Op. Att'y Gen. No. 8, pointed out that the limitation on age at the time of original appointment in § 7-33-4107, MCA, is preceded by the following language:

> The state of Montana determines that age is a valid, bona fide occupational qualification for the position of firefighter because of the rigorous physical demands of the firefighting profession and the expectation of many years of emergency service.

5

This provision clearly refers to the right under § 49-1-102, MCA, to be free from discrimination based on age, as part of the Montana Human Rights Act. The Attorney General further pointed out that the Ninth Circuit Court of Appeals has noted the inherent contradiction in a policy that establishes a maximum hiring age but makes no provision for hiring persons over that age with extensive similar experience. See E.E.O.C. v. County of Los Angeles (9th Cir. 1983), 706 F.2d 1039, 1043, cert. denied, 464 U.S. 1073. A statute should be interpreted to give a lawful result if possible. Grossman v. State Dept. of Natural Resources (1984), 209 Mont. 427, 682 P.2d 1319; § 1-3-232, MCA. The interpretation given to § 7-33-4107, MCA, by the District Court results in the likelihood that the statute would violate laws prohibiting age discrimination.

For all of the above reasons, we hold that Link's appointment as a part-paid firefighter was his "original appointment" under § 7-33-4107, MCA. Therefore, we reverse the partial summary judgment and remand to the District Court for further proceedings consistent with this Opinion.

_____
Chief Justice

6

We concur:

_John Conway Harrison_

_William E Hunt Sr_

_Fred J Weber_

_A. C. McDonough_

Justices

7

Justice Karla M. Gray, dissenting.

I respectfully dissent from the opinion of the majority. The issue before us requires a straightforward interpretation of the meaning of "original appointment," as that phrase is used in § 7-33-4107, MCA, for purposes of determining whether Mr. Link met the statutory qualifications for firefighters at the time he was considered and rejected for a position as a firefighter in the City of Lewistown Fire Department. It is my view that the answer is equally straightforward: Mr. Link had not been appointed as a firefighter pursuant to § 7-33-4106, MCA, before he reached 34 years of age; therefore, he did not meet the statutory qualifications for firefighters under § 7-33-4107, MCA.

The majority relies briefly on five different bases, each set forth in from one to four sentences, to support its result in this case; this almost complete absence of discussion or analysis reflects the inherent weakness of the majority's conclusion. An appropriate statutory analysis mandates a conclusion that the District Court did not err in granting summary judgment to the City. That analysis is set forth below, followed by a discussion of the flaws in the majority's approach.

The statutes relating to municipal fire departments are contained in Title 7, Chapter 33, Part 41, Montana Code Annotated. Section 7-33-4101, MCA, authorizes and requires a fire department in every Montana city and town; those departments are to be organized and managed as mandated in part 41. The composition of

8

municipal fire departments and the duties of the fire chief and assistant chief are set forth in §§ 7-33-4103 and 7-33-4104, MCA.

Section 7-33-4106, MCA, addresses the manner in which the chief, assistant chief and all firefighters of the department mandated by § 7-33-4101, MCA, must be selected; it specifically requires the mayor, with the city council's consent, to appoint each of them to the position. Finally, § 7-33-4107, MCA, sets out the qualifications for the position of firefighter; it includes a determination by the Montana legislature that age is a bona fide occupational qualification for the position and goes on to require that firefighters "shall not be more than 34 years of age at the time of original appointment[.]"

It is the latter statutory requirement that is at issue in this case. The language is clear and plain. A person cannot be more than 34 years old when originally appointed to a firefighter position. Reading this language together with the preceding statutes governing municipal fire departments can produce only one result: the "original appointment" refers back to the only appointment process mentioned in the statutes--the appointment by the mayor and city council required by § 7-33-4106, MCA. Applying this straightforward statutory interpretation mandates a holding by this Court that the District Court did not err in ruling that the City was prohibited from hiring a firefighter into its municipal fire department who was over 34 years old at the time he was being considered and who had not previously been appointed to a firefighter position in the manner required by § 7-33-4106, MCA.

9

The majority relies in part on § 7-33-4109, MCA, which specifically relates to supplementary volunteer fire departments, in reaching its result. Nothing in that statute permits, much less requires, such a conclusion. No statutory language mandates the manner in which such volunteers are to be selected. The majority does not seem to understand what appears so clear to me from the very construction and organization of these statutes; namely, the very fundamental differences between full-time, professional firefighters and fire departments mandated by §§ 7-33-4101 through 7-33-4107, MCA, and supplementary volunteer firefighters and fire departments authorized under § 7-33-4109, MCA. The members of a volunteer fire department authorized by § 7-33-4109, MCA, are "enrolled members" of such a department, in contrast to firefighters "appointed" to municipal fire departments. The volunteers' duties, by statute, are to assist paid fire departments. And, while it is true, as the majority suggests, that volunteers are "part-paid," they are not permanent part-time employees as we ordinarily think of such part-time workers. Indeed, under § 7-33-4109, MCA, volunteers are paid only for such fires as they are called out to assist in fighting; that pay can be as little as $1 per hour of service.

The majority begins its shotgun approach to this case by suggesting that because the City's rules and regulations require part-paid firefighters to be appointed by the fire chief, this "delegation of authority" regarding part-paid firefighters estops the City from denying the validity of that delegation as to full-

10

time firefighters. As discussed above, the two situations are not at all comparable. No statutory hiring requirements exist vis-a-vis part-paid firefighters; a specific statutory requirement--appointment by the mayor and council--exists for hiring full-time firefighters. Furthermore, both the fire chief's affidavit in this case and the City's regulations make it clear that no delegation of authority exists regarding the hiring of full-time firefighters.

In addition, contrary to the majority's suggestion in this regard, the City does not attempt to deny the validity of the rules and regulations regarding selection of part-paid firefighters by the fire chief with the approval of the full-time firefighters. As discussed, the two situations are entirely separate. Thus, there is nothing upon which the City can be estopped. Finally, the majority's shorthand presentation of the estoppel basis of support for its conclusion does not indicate whether collateral estoppel, judicial estoppel or equitable estoppel is being applied, much less how the required elements for the purported estoppel are met in this case.

The majority next relies on the legislative history of § 7-33-4107, MCA, noting that concerns therein about the retirement and disability system formed part of the basis for the maximum age for original appointment as a firefighter. From this concern, and because part-paid firefighters like Mr. Link can contribute to the FURS, the majority states that it is reasonable to conclude that the legislature intended the maximum age to apply to part-paid and full-time firefighters. First, this conclusion seems to be a non

11

sequitur. The question before us is not whether the age limitation applies to volunteers; the question is the meaning of "original appointment" in § 7-33-4107, MCA. In addition, it is not necessary to look to the legislative history to determine the meaning of that statutory language because the language is clear and plain and susceptible of only one meaning.

Assuming arguendo that resort to the legislative history is appropriate, it is my opinion that that history supports a result opposite from that reached by the majority. The concern relating to the firefighter's retirement and disability situation found in the legislative history is that, due to the stamina and agility required and the very hazardous and stressful nature of firefighting, it is important for firefighters to be able to retire at a relatively young age--for the sake of both themselves and their colleagues. In connection with the amendment raising the maximum hiring age to 34 from 31, professional firefighters expressed concern that the amendment would move in the wrong direction, by preventing firefighters from retiring at an earlier age and keeping them working into more advanced years. These concerns are not applicable to part-paid firefighters.

The result reached by the majority in this case produces exactly the result over which concern is expressed in the legislative history; it allows volunteer firefighters to be hired on as full-time firefighters at any age. Under the majority's result, as long as a volunteer firefighter has been selected for that duty before reaching 34 years of age, he or she qualifies for

12

appointment as a full-time professional firefighter at age 40, 45, 50 or even later, notwithstanding the statutory maximum age. This total gutting of the maximum age qualification clearly is not what the Montana legislature intended.

The majority next relies on the Human Rights Commission's Elliott decision. The problem in this regard is that the issue presently before the Court is not the same issue addressed by the Commission in Elliott.

The issue in Elliott was whether the age limit for time of original appointment meant when appointed to a specific fire department (that is, the one most recently being applied to) or to any fire department in Montana. The Commission essentially concluded that "original appointment" under § 7-33-4107, MCA, means any fire department in Montana as opposed to the fire department to which one currently is applying for a position. The Commission did not address, presumably because it was not raised, the issue before us here; namely, the meaning of "original appointment" under § 7-33-4107, MCA, in relation to the "appointment by mayor" requirement of § 7-33-4106, MCA.

Elliott involved a person who had been a part-paid firefighter elsewhere attempting to be hired as a full-time firefighter in the City of Helena Fire Department when he was more than 34 years old. Helena asserted that "originally appointed" meant, in that case, first hired as a firefighter (including as a part-paid firefighter) by the City of Helena. Elliott asserted, and the Commission concluded, that the phrase meant first hired by any fire department

13

in Montana. The Commission was correct in ruling that the original appointment language is not location specific and, if the same issue were before us in this case, I would give that conclusion deference. But the two issues are not the same; therefore, Elliott is not applicable here.

The majority next states that an Attorney General's opinion supports a conclusion that appointment as a part-paid firefighter "may" constitute an original appointment under § 7-33-4107, MCA. The Attorney General's opinion provides no support for such a conclusion. Neither the Attorney General's opinion nor the factual situation on which it is based relates in any way to part-paid firefighters.

The fifth and final basis for the majority's conclusion relates to age discrimination. As with its estoppel position, the majority's conclusion that the District Court's interpretation of § 7-33-4107, MCA, results in the "likelihood" that the statute would violate "laws" prohibiting age discrimination is, at best, shorthand. The majority does not indicate which laws would be violated or provide any analysis as to how the facts of Mr. Link's case would result in such a violation.

In this regard, it should be noted that the situation before us does not violate the federal Age Discrimination in Employment Act. Under the ADEA, it is not unlawful for a political subdivision employer to refuse to hire an individual because of the individual's age if the refusal to hire is (1) with regard to employment as a firefighter and the individual has attained the

14

maximum hiring age in effect under applicable state law on March 3, 1983, and (2) pursuant to a bona fide hiring plan that is not a subterfuge to avoid the purposes of the ADEA.  29 U.S.C. § 623(j). The maximum hiring age of 34 years was in effect in Montana on March 3, 1983, and nothing in this case suggests that the limitation is a subterfuge.

In summary, it is my view that Mr. Link was not appointed as a firefighter pursuant to § 7-33-4106, MCA, before he reached the maximum hiring age for that position.  As a result, he did not meet the statutory qualifications for a full-time firefighter.  I would affirm the District Court.

_____
Justice

Justice Fred J. Weber joins in the foregoing dissent of Justice Karla M. Gray.

_____
Justice

15

June 11, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Frederick F. Sherwood
REYNOLDS, MOTL, SHERWOOD & WRIGHT
405 N. Last Chance Gulch
Helena, MT  59601

Monte J. Boettger
Attorney at Law
Suite 507, Montana Building
Lewistown, MT  59457

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA
BY:
Deputy